IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MELVIN GAMAGE                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10cv666-MTP

WEXFORD HEALTH SOURCES, INC.,                                                DEFENDANTS
GLORIA PERRY, CHRISTOPHER B. EPPS,
MARGARET BINGHAM, EARNEST LEE,
ROBERT MOORE, JAMES BURKE,
DAISY THOMAS, AND UNKNOWN JOHNSON

**ORDER**

Presently before the Court is Defendant Wexford Health Sources, Inc.'s [60] Motion for Additional Time to File Dispositive Motions. Based on the procedural posture of the case, it is necessary for the Court to deal with other case management issues, also.

This Court held an Omnibus Hearing on May 10, 2011. An [43] order was entered shortly thereafter setting discovery parameters, establishing a motions deadline, denying Plaintiff's motion to appoint counsel, and addressing other issues. The parties have consented to disposition by the Magistrate Judge and the District Judge has entered an Order of Reference [42].

The next significant entry on the docket is a [44] Notice of Interlocutory Appeal to the United States Court of Appeals for the Fifth Circuit, with Plaintiff taking issue with this Court's [43] decision to deny him appointment of counsel. The appeal has been docketed. *See* entry [53].

Since the filing of the appeal, Plaintiff has submitted the following materials which have been docketed as: [50] Motion for Additional Discovery; [54] Motion for Leave to Amend

Complaint; [55] Motion for Temporary Restraining Order; and [58] Motion for Preliminary Injunction. Motions [54] [55] [58] deal with claims and parties that are not part of his original claim or his proposed appeal. At most, they allege violations of discovery orders issued in this cause of action, specifically arising from the alleged destruction and confiscation of personal property.

Once an appeal is filed, this Court's jurisdiction is very limited. *See Winchester v. U. S. Attorney for the Southern Dist. Of Tex.*, 68 F.3d 947, 948 (5th Cir. 1995) (stating that generally, the "district court loses all jurisdiction over matters brought to [the Fifth Circuit] upon the filing of the notice of appeal"). To avoid further expense to and effort by the parties, and in light of the fact that Plaintiff is continuing to seek the appointment of counsel, all pending motions will be denied without prejudice at this time and subject to the provisions set forth below.

**IT IS, THEREFORE, ORDERED** as follows:

(1) No further pleadings or motions shall be filed until further order of this Court or until the matter is returned from the Court of Appeals. In the event a party deems it necessary to file a pleading or motion in this Court where jurisdiction is limited, if not non-existent, the pleading or motion shall first be forwarded to the chambers of the undersigned with a request that leave be granted to file same. However, the submission of pleadings or motions that are frivolous or involve the matters on appeal may result in the imposition of sanctions.

(2) All case deadlines are hereby vacated.

(3) All pending motions are denied without prejudice to movant's right to re-file them once the pending appeal is decided.

**SO ORDERED** this the 29th day of July, 2011.

s/Michael T. Parker
United States Magistrate Judge
